

U.S. Department of Justice

*Michael J. Sullivan*
United States Attorney
District of Massachusetts

---

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

July 5, 2006

Edward P. Ryan, Jr., Esq.
O'Connor & Ryan
61 Academy Street
Fitchburg, MA  01420

    Re:  <u>United States v. Anthony Junaid</u>
          Criminal No. 05-10005-JLT (D. Mass.)

Dear Mr. Ryan:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts and your client, Anthony Junaid ("Defendant"), in the above-captioned cases.  The Agreement is as follows:

    1.    <u>Change of Plea</u>

    At the earliest practicable date, Defendant shall plead guilty to the attached Superseding Information.  Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in the Superseding Information, to wit, bank fraud, in violation of 18 U.S.C. § 1344, and bribery, in violation of 18 U.S.C. §§ 201(b)(1)(A) and (C, and is in fact guilty of those offenses.

    2.    <u>Penalties</u>

    Defendant faces the following maximum penalties:  thirty years imprisonment, a fine of $1,000,000, five years supervised release, and a $100 mandatory special assessment for violation of 18 U.S.C. § 1344 (bank fraud); and  fifteen years imprisonment, a fine of $250,000, five years supervised release and a $100 mandatory special assessment for violation of 18 U.S.C. §§ 201(b)(1)(A) and (C)  (bribery).

Defendant may also be deportable and/or excludable by the United States Immigration and Customs Enforcement as a consequence of his conviction of the offenses to which he is pleading guilty.

3.   Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by United States v. Booker and United States v. Fanfan, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The government will take the following positions at sentencing with respect to the application of the United States Sentencing Guidelines:

A.  Guidelines Applicable to Bank Fraud Conviction

   i.   With regard to Defendant's violation of 18 U.S.C. § 1344, the applicable sentencing guideline provision is U.S.S.G. §2B1.1(a)(1), which calls for an initial base offense level ("BOL") of 7;

   ii.  U.S.S.G. § 2B1.1(b)(1)(E) is applicable because the loss amount is more than $70,000 and less than $120,000, requiring an increase in the BOL of 8;

   iii. U.S.S.G. § 2B1.1(b)(10) is applicable because the offense involved the unauthorized use of means of identification unlawfully to obtain other means of identification, requiring an increase in the BOL of 2;

   iv.  Thus, the adjusted offense level for the Bank Fraud conviction is 17.

B.  Guidelines Applicable to Bribery Conviction

   i.   With regard to Defendant's violation of 18 U.S.C. §§ 201(b)(1)(A) and (C), the

2

>applicable sentencing guideline provision is U.S.S.G. § 2C1.1(a)(2), which calls for a BOL of 12.

C. <u>Determining the Combined Offense Level</u>

>i. By operation of the Guidelines applicable to multiple counts, one level is added to the adjusted offense level for the Bank Fraud conviction, pursuant to U.S.S.G. § 3D1.4. This yields a combined offense level of 18.

The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines.

The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to U.S.S.G. § 4A1.3 should any of Defendant's prior state convictions be vacated or Defendant's Criminal History Category otherwise change after his indictment in this case. Thus, for example, the government may contend that an upward departure under § 4A1.3 is appropriate if a state-court conviction that existed at the time of Defendant's indictment is vacated and that vacation alters Defendant's Criminal History Category.

Based on Defendant's prompt acceptance of personal responsibility for the offense(s) of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing, Defendant:

>(a) Fails to admit a complete factual basis for the plea;

>(b) Fails to truthfully admit his conduct in the offenses of conviction;

>(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

3

    (d)    Fails to provide truthful information about his financial status;

    (e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (f)    Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

    (g)    Intentionally fails to appear in Court or violates any condition of release;

    (h)    Commits a crime;

    (I)    Transfers any asset protected under any provision of this Agreement; and/or

    (j)    Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4.   <u>Agreed Disposition</u>

The U.S. Attorney and Defendant agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the following is the appropriate disposition of this case:

    (a)    incarceration for a period of 24 months;

    (b)    restitution in an amount to be determined at sentencing;

    (c)    a mandatory special assessment of $200; and

    (d)    supervised release for a period of three years.

5. <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:

(1) Defendant's guilty plea and any other aspect of Defendant's conviction; and

(2) The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney pursuant to this agreement.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

7. <u>Probation Department Not Bound By Agreement</u>

The sentencing disposition agreed upon by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the United States Probation Office. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C). Defendant cannot withdraw his plea of guilty unless the sentencing judge rejects this Agreement. If the sentencing judge rejects this Agreement, this Agreement shall be null and void at the option of either the United States or Defendant. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

8.  **Civil Liability**

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

9.  **Rejection of Plea By Court**

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

10. **Breach of Agreement**

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in its entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

11. **Who Is Bound By Agreement**

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

12. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the

Acknowledgment of Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney John A. Capin.

        Very truly yours,

        MICHAEL J. SULLIVAN
        United States Attorney
        District of Massachusetts

By: *[signature]*
        LAURA J. KAPLAN, Chief
        Violent & Organized Crime
        Section

        JOHN A. CAPIN
        Assistant U.S. Attorney

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Junaid

ANTHONY JUNAID
Defendant

Date: 8/7/06

I certify that ANTHONY JUNAID has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

EDWARD P. RYAN, JR., ESQ.
Attorney for Defendant

Date: 8/7/06